Paul Castronovo
**CASTRONOVO & McKINNEY, LLC**
18 MacCulloch Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Sherry Fisher

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY FISHER,<br><br>Plaintiff,<br><br>v.<br><br>RONETCO SUPERMARKETS INC.,<br><br>Defendant. | Docket No:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Sherry Fisher ("Plaintiff"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant, Ronetco Supermarkets Inc. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff alleging violations of the Fair Labor Standards Act ("FLSA") and New Jersey's Wage and Hour Laws and Regulations ("NJWHLR").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 201 *et seq.,* and has supplemental jurisdiction over all state claims pursuant to 28 U.S.C. § 1367

as they are so related to claims in this action within such original jurisdiction as they form part of the same case or controversy.

3. Venue is proper in this Court as Plaintiff resides in New Jersey and worked for Defendant in Morris County, New Jersey, and the events giving rise to the claims occurred in this District.

## IDENTIFICATION OF PARTIES

4. Defendant is a large private company with over $100 million in annual revenues operating supermarkets throughout New Jersey and other states. Defendant maintains its principal place of business at 1070 U.S. Highway 46, Ledgewood, New Jersey.

5. Plaintiff currently resides in Wayne, New Jersey.

## DEFENDANT WILLFULLY FAILED TO PAY OVERTIME

6. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FSLA and the NJWHLR, and, as such, had the power to hire and fire its employees, set their wages, issue W-2 forms, control terms of employment, and maintain records as required by law.

7. Plaintiff works in the Dairy/Frozen Food Department for Defendant in its Netcong Shop Rite supermarket and has worked for Defendant since 1999. Plaintiff worked approximately 1200 hours of overtime per year and was not compensated by Defendant for the overtime worked.

8. Plaintiff is a non-exempt employee whom Defendant pays by the hour.

9. Defendant required Plaintiff to work in excess of forty (40) hours per week without pay so she could fulfill her job responsibilities, Defendant was aware of Plaintiff's overtime hours, and Defendant maintained a time-keeping system in order to clock in and out of work.

10. Notwithstanding the hours worked by Plaintiff and the time-keeping system maintained by Defendant, Defendant willfully failed to pay overtime to Plaintiff as a non-exempt employee despite Plaintiff's objections and with full knowledge of management.

11. Plaintiff has been substantially damaged by Defendant's wrongful conduct.

## FIRST COUNT

### (Violations of the FLSA, 29 U.S.C. § 201 et seq.)

12. Plaintiff repeats and realleges the allegations of the preceding paragraphs.

13. Defendant is a covered employer under the FLSA.

14. Plaintiff is a non-exempt employee of Defendant.

15. Defendant repeatedly violated the FLSA by engaging in a pattern and practice of failing to pay overtime to Plaintiff, who worked long hours for Defendant to complete her job responsibilities, after Plaintiff worked in excess of 40 hours per week.

16. Defendant's actions were willful, wanton, malicious and in reckless disregard of Plaintiff's rights.

## SECOND COUNT

### (Violations of the NJWLHR, N.J.S.A. 34:11-56a et seq.)

17. Plaintiff repeats and realleges the allegations of the preceding paragraphs.

18. Defendant is a covered employer under the NJWLHR.

19. Plaintiff was a non-exempt employee of Defendant.

20. Defendant repeatedly violated the NJWLHR by engaging in a pattern and practice of failing to pay overtime to Plaintiff, who worked long hours for Defendant to complete her job responsibilities, after Plaintiff worked in excess of 40 hours per week.

21. Defendant's actions were willful, wanton, malicious and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows: compensatory damages, liquidated damages, punitive damages, reasonable attorneys' fees, pre- and post-judgment interest, costs of suit, and such other relief as the Court deems just and equitable under the circumstances.

**CASTRONOVO & McKINNEY, LLC**

Dated: March 9, 2011    By: */s/ Paul Castronovo*
Paul Castronovo
Attorneys for Plaintiff

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**CASTRONOVO & McKINNEY, LLC**

Dated: March 9, 2011    By: */s/ Paul Castronovo*
Paul Castronovo
Attorneys for Plaintiff

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Paul Castronovo as trial counsel in this action.

**CASTRONOVO & McKINNEY, LLC**

Dated: March 9, 2011    By: */s/ Paul Castronovo*
Paul Castronovo
Attorneys for Plaintiff